IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTTLAND JOHNSON,** : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 16-3933** |
| : | |
| **ALLIED INTERSTATE, LLC,** : | |
| **Defendant.** : | |

<u>MEMORANDUM OPINION</u>

**RUFE, J.**                                                                                     **JANUARY 3, 2017**

Before the Court is the motion for summary judgment of Defendant Allied Interstate, LLC, to which Plaintiff has not responded. For the reasons that follow, the motion is granted.[1]

On July 28, 2016, Plaintiff Scottland Johnson filed suit *pro se* and *in forma pauperis* against Defendant, a debt collector, alleging two violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that on July 31, 2015, Defendant obtained Plaintiff's consumer credit report from Transunion, a third-party credit bureau, without his consent.[2] Plaintiff claims that this constituted willful and negligent non-compliance with the FCRA, which generally prohibits access to a consumer's credit report absent a "permissible purpose," as defined by the statute.[3] Defendant moved to dismiss, arguing that it permissibly accessed Plaintiff's credit report as part of an effort to collect on a debt that Plaintiff owed to T-Mobile USA, Inc.[4] Plaintiff did not respond.

---

[1] Plaintiff filed a nearly identical lawsuit against Diversified Consultants, Inc., on the same day this action was commenced, and Plaintiff's claims in that case failed for similar reasons as Plaintiff's claims here. *See* Civil Action No. 16-3935, Doc. No. 7.

[2] Doc. No. 3 (Complaint) ¶¶ 9-13.

[3] *Id.* ¶¶ 14-28.

[4] Doc. No. 8-1 at 2-3.

Because Defendant's motion was based in part on evidence not mentioned in the complaint—namely, three letters from Defendant to Plaintiff establishing that Defendant had been retained to collect on Plaintiff's debt to T-Mobile—the Court converted Defendant's motion to dismiss into a motion for summary judgment on November 28, 2016, and provided Plaintiff the opportunity to respond.[5] Plaintiff did not do so, and the Court will now resolve Defendant's motion on the merits.

"The underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[6] A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[8] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[10] Further, a court may not weigh the evidence or make credibility determinations.[11] Nevertheless,

---

[5] Doc. No. 9.

[6] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[7] Fed. R. Civ. P. 56(a).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Id.*

[10] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[11] *Boyle v. Cty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998).

the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[12]

Defendant is entitled to summary judgment because uncontroverted evidence shows that Defendant accessed Plaintiff's credit report in order to collect on a debt owed by Plaintiff, which is permissible under the FCRA. The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer credit report for a purpose that is not authorized by the statute.[13] "However, the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer . . . and involving the . . . *review or collection of an account of, the consumer*.'"[14] Accordingly, "many courts have held that the collection of a debt is a permissible purpose for seeking a consumer's credit report."[15]

Here, Defendant has submitted three letters, all dated before Defendant accessed Plaintiff's credit report, showing that Defendant was retained by T-Mobile to collect on Plaintiff's debt.[16] This establishes that Defendant acted with a permissible purpose under the FCRA when it accessed Plaintiff's credit report.[17] Accordingly, Defendant's motion will be granted. An appropriate Order follows.

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[13] *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)); 15 U.S.C. § 1681o.

[14] *Huertas*, 641 F.3d at 34 (emphasis in original) (quoting 15 U.S.C. § 1681b(a)(3)(A)).

[15] *Thiessen v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, C.A. No. 14-5520, 2015 WL 3643989, at *2 (E.D. Pa. June 12, 2015) (collecting cases).

[16] Doc. No. 8-2, Ex. A.

[17] *See Huertas*, 641 F.3d at 34-35 (affirming dismissal of FCRA claim where plaintiff's credit report was accessed as part of an attempt to collect on plaintiff's delinquent accounts); *see also Zieger v. J.A. Cambece Law Office, P.C.*, No. 14-2965, 2015 WL 3647267, at *4 (D.N.J. June 12, 2015) ("The Third Circuit has explicitly found this provision permits a credit reporting agency to furnish a credit report to a debt collector, and that the debt collector's act of obtaining and using the credit report is authorized under the circumstances.") (citing *Huertas*, 641 F.3d at 34).